**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CAMILA BORGES WILLIAMS,

    Plaintiff,

v.                                          Case No. 3:25-cv-1113-MMH-SJH

KBR SERVICES, LLC, and
RONALD NICHOLSON,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On October 27, 2025, the Court ordered Defendant KBR Services, LLC (KBR), to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. See Order (Doc. 18; Show Cause Order) at 2. KBR timely responded, contending that jurisdiction is proper. See Defendant KBR Services, LLC's Response to Court's Show Cause Order Re: Why this Matter Should Not Be Remanded (Doc. 27; Response), filed November 10, 2025. Plaintiff, Camila Borges Williams, filed a reply in support of remand. See Plaintiff, Camila Borges Williams' Reply to Defendant KBR Services, LLC's Response to Court's Show Cause Order Re: Why this Matter Should Not Be Remanded (Doc. 30; Reply), filed November 24, 2025. With leave of Court, see Order (Doc. 33),

entered December 8, 2025, KBR responded to Williams's Reply, see Defendant KBR Services, LLC's Reply in Support of Response to Court's Show Cause Order (Doc. 34; Surreply), filed December 12, 2025. Upon review of the parties' filings, the Court remains unable to determine whether the exercise of subject matter jurisdiction would be proper and will provide KBR one final opportunity to provide facts sufficient to support the exercise of jurisdiction.

## I.  Background

On August 11, 2025, Williams filed her Complaint and Jury Demand (Doc. 4; Complaint) in state court. In the Complaint, she alleged that while she worked for KBR, Defendant Ronald Nicholson (a fellow KBR employee) asked her "sexually explicit questions" and then touched and hugged her without her consent. Id. ¶¶ 7–9. Williams pushed him away, but he approached her again "and kissed her against her will." Id. ¶¶ 10–11. Williams spoke to a KBR nurse about the incident, who reported it to Williams's supervisor. Id. ¶ 14. The nurse had previously reported "at least two other instances" of Nicholson "behaving inappropriately and unprofessionally toward other female KBR employees[.]" Id. ¶ 15. After the incident, "Williams began suffering panic attacks" and "was diagnosed with Post-Traumatic Stress Disorder (PTSD), Panic Attacks, and Moderate Episode of Recurrent Major Depressive Disorder as a result of the incident[.]" Id. ¶¶ 18–19. Because of her PTSD, Williams took short term

disability leave. Id. ¶ 20. While on leave, Williams's supervisor "began to text her threats to her job, such as the statement, 'Please do not extend again,' referring to her disability leave and that she might be terminated." Id. ¶ 22. Williams extended her leave, and her supervisor's threats escalated. Id. ¶ 24. In the end, "Williams was forced to leave her position with KBR on August 23, 2024." Id. ¶ 25.

Based on these allegations, in the Complaint Williams brought one claim against Defendant Ronald Nicholson, a state law claim for battery in Count I. Id. ¶¶ 29–33. She brought several claims against KBR, including a state law claim for negligent retention in Count II, id. ¶¶ 34–38, a state law claim for negligent training and supervision in Count III, id. ¶¶ 39–45, a Title VII claim for sex discrimination in Count IV, id. ¶¶ 46–51, and a Florida Civil Rights Act (FCRA) claim for sex discrimination in Count V, id. ¶¶ 52–57. She stated, "[t]his is an action for damages that exceeds $50,000.00[.]" Id. ¶ 5. Williams also alleged that she resides in Tennessee, id. ¶ 1, and that Nicholson resides in Florida, id. ¶ 3. She did not allege where KBR is incorporated or its principal place of business. See generally id.

On September 18, 2025, KBR removed the action to this Court. See Defendant KBR Services, LLC's Notice of Removal (Doc. 1; Notice). KBR contended federal question jurisdiction was proper under 28 U.S.C. § 1331

based on Williams's federal claim under Title VII. Id. ¶ 2. KBR further contended that supplemental jurisdiction over Williams's state claims was proper under 28 U.S.C. § 1367 because the state and federal claims "form part of the same case or controversy[.]" Id. ¶ 3 (quoting 28 U.S.C. § 1367(a)).

On October 16, 2025, Williams filed Plaintiff's Motion for Leave to Amend Complaint and Memorandum in Support (Doc. 10). The Court granted Williams leave to file an amended complaint. See Order to Show Cause at 1; Amended Complaint and Jury Demand (Doc. 19; Amended Complaint), filed October 16, 2025.[1] The only material change in the Amended Complaint is the excision of Williams's Title VII claim against KBR. See generally Amended Complaint. As such, in the Amended Complaint, Williams brings only state law claims. See generally id.

In the Order to Show Cause, the Court explained:

"[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

---

[1] The Court notes that the electronic docketing system reflects that the Clerk of Court docketed the Amended Complaint as a separate docket entry on October 27, 2025. But "the [A]mended [C]omplaint is deemed filed as of October 16, 2025." See Order to Show Cause at 1.

- 4 -

See Order to Show Cause at 1. Indeed, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). When Williams amended her Complaint to remove her federal claim, federal question and supplemental jurisdiction evaporated. See Order to Show Cause at 1–2 (citing Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 25–26 (2025)). As such, the only basis for the exercise of subject matter jurisdiction is now diversity jurisdiction under 28 U.S.C. § 1332(a). Thus, the Court, pursuant to its obligation to inquire into its subject matter jurisdiction, directed each party that has appeared (that is, KBR and Williams) to file disclosure statements identifying their states of citizenship in accordance with Rule 7.1, Federal Rules of Civil Procedure (Rule(s)) and Local Rule 3.03 of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See Order to Show Cause at 2–3. The Court also ordered KBR to show cause why this action should not be remanded for lack of subject

- 5 -

matter jurisdiction and set a deadline for any other parties that wished to be heard on the matter to file replies. Id. at 2.

KBR and Williams filed the required disclosure statements. See KBR Services, LLC's Disclosure Statement (Doc. 22; KBR's Disclosure Statement), filed October 30, 2025; Plaintiff's Disclosure Statement (Civil) Under Rule 7.1 and Local Rule 3.03 (Doc. 26; Williams's Disclosure Statement), filed November 4, 2025. KBR states that its sole member "is KBR, Inc., whose state of incorporation is Delaware and whose principal place of business is in Texas." See KBR's Disclosure Statement at 2. Williams states that she is a citizen of Tennessee. See Williams's Disclosure Statement at 2.

**II.     Discussion**

In the Response, KBR contends that "the citizenship of Defendant Nicholson should be disregarded in this diversity analysis because he has been fraudulently joined in this matter." See Response ¶ 14. However, in a footnote, KBR states that "Nicholson is a Florida resident" and "[c]onsequently, if he is properly joined as a defendant in this matter, his inclusion precludes removal under 28 U.S.C. § 1441(b)(2)." Id. at 4 n.2.  Like KBR, Williams seems to believe that 28 U.S.C. § 1441(b)(2) (the forum defendant rule) would bar the exercise of subject matter jurisdiction if Nicholson is a citizen of Florida. See Reply at 2 ("No properly joined and served defendant can be a citizen of the state in which

- 6 -

the action is brought."); id. at 3 ("[T]o plausibly allege diversity jurisdiction, … KBR must argue that somehow the addition of … Nicholson is fraudulent."). Upon review, the Court concludes that § 1441(b)(2) is inapplicable here because KBR removed this action on the basis of federal question jurisdiction, not diversity jurisdiction. Further, because the only apparent basis for the exercise of subject matter jurisdiction is now diversity, the Court must consider Nicholson's citizenship. But KBR fails to adequately allege Nicholson's state of citizenship. As a result, the Court remains unable to determine whether jurisdiction is proper.

### A. The Forum Defendant Rule

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1447(c), in turn, sets forth two ways a removed action may be remanded to state court, depending on the basis of the remand. Snapper, Inc. v. Redan, 171 F.3d 1249, 1252–53 (11th Cir. 1999) ("As is apparent from the text, § 1447(c) implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction.").

First, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." See 28 U.S.C. § 1447(c). This provision requires a district court to remand an action due to a procedural defect only if the plaintiff moves to remand within 30 days. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320–21 (11th Cir. 2001). Second, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This provision requires a district court to remand an action when it determines—through its obligatory sua sponte inquiry or otherwise—that it lacks subject matter jurisdiction. Royal Canin U. S. A., 604 U.S. at 25–26.

Section 1441(b)(2), the forum defendant rule, provides: "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." But despite the parties' characterization to the contrary, the prohibition on removal when a properly joined and served defendant is a citizen of the forum state is a procedural defect and does not implicate the Court's subject matter jurisdiction. See U.S. Bank Nat'l Ass'n v. Smith, 693 Fed. App'x 827, 829 (11th Cir. 2017) (citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368,

1372 n.4 (11th Cir. 1998)) (holding that a district court erred when it <u>sua sponte</u> remanded an action based on the forum defendant rule because the rule is a procedural defect and not a jurisdictional defect);[2] <u>Sauls v. Sneed</u>, 413 F. Supp. 3d 1132, 1137–38 (N.D. Ala. 2019) (holding that the forum defendant rule is procedural).[3] Indeed, the language of § 1441(b)(2) makes clear that invocation of diversity jurisdiction at the time of removal is a prerequisite to the application of the forum defendant rule. <u>See</u> 28 U.S.C. § 1441(b)(2) (the rule applies to "[a] civil action otherwise removable <u>solely on the basis of the jurisdiction under section 1332(a)</u>" (emphasis added)). The language makes it equally clear that the rule does not apply when removal is based on diversity and another source of jurisdiction. <u>Id.</u> Moreover, the rule applies at the time of removal and is not re-evaluated when circumstances change after removal. <u>See, e.g.</u>, <u>Spencer v. U.S. Dist. Court for N. Dist. of Cal.</u>, 393 F.3d 867, 870–71 (9th Cir. 2004) (holding that the forum defendant rule does not justify remand when a plaintiff amends the complaint to add a forum defendant after removal); <u>Diaz</u>

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

v. Fountain Park Partners, No. 6:08-cv-1009-Orl-31GJK, 2008 WL 4716911, at *2 (M.D. Fla. Oct. 23, 2008) ("[C]ontrolling Eleventh Circuit precedent strongly suggests that the Court must consider the propriety of removal under § 1441(b) only at the time of removal … ." (citing Pacheco de Perez, 139 F.3d at 1372 n.4 and Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1291 (11th Cir. 2000), overruled on other grounds by Alvarez v. Uniroyal Tire Co., 508 F.3d 639 (11th Cir. 2007))).

Here, this action was not removed "solely on the basis" of diversity jurisdiction. Indeed, in the Notice, KBR invoked only federal question and supplemental jurisdiction. See Notice ¶¶ 2, 3. It did not contend that diversity jurisdiction was proper, let alone that diversity provided the sole basis for removal. See generally id. The forum defendant rule is inapplicable to a removal, like this one, that was based on federal question jurisdiction. See 28 U.S.C. § 1441(b)(2). And the forum defendant rule applies at the time of removal and is not triggered retroactively. See Spencer, 393 F.3d at 871 ("When removal is proper at th[e] time [of removal], subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand."). Williams's post-removal amendment to her complaint, which changed the basis of the Court's original jurisdiction from federal question to diversity, does not implicate § 1441(b)(2) whatsoever.

### B. Diversity of Citizenship

The Court remains unable to determine whether the exercise of diversity jurisdiction would be proper. Indeed, despite the parties' apparent agreement that Nicholson is a citizen of the state of Florida, their shared confidence is misplaced considering the scant evidence of his citizenship.[4] For a district court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity jurisdiction over a natural person, a party must include allegations of the person's citizenship, not merely where the person resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). Citizenship is based on an individual's domicile, which requires both residence and "an intention to remain there indefinitely[.]" Travaglio, 735 F.3d at 1269 (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir.

---

[4] Williams "does not dispute that her claims are in excess of $75,000.00," the amount in controversy threshold for diversity jurisdiction. See Reply at 2 n.1. The Court likewise concludes that the amount in controversy is met. When KBR removed this action, Williams sought back pay as well as compensatory and punitive damages. See Complaint at 10. She also alleged that due to the incident with Nicholson, she suffered panic attacks and was diagnosed with PTSD, panic attacks, and recurrent major depressive disorder. Id. ¶¶ 18–19. KBR calculates that if Williams prevails, her backpay through the date of removal would total $40,041. See Response ¶ 29. Considering Williams's alleged diagnoses and KBR's assessment of potentially recoverable backpay in combination with Williams's other claims and her demand for punitive damages, the Court concludes that the amount in controversy at the time of removal exceeded $75,000.

2002)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Although the parties use the word citizenship, they cite only to Williams's allegation in the Complaint and Amended Complaint that Nicholson is a resident of Florida. See Response at 4 n.2 (asserting that the forum defendant rule "precludes removal" if Nicholson is a resident of Florida and is not fraudulently joined); Reply at 3 (citing Complaint ¶ 3). As such, the Court cannot determine whether the parties appreciate the distinction between residence and citizenship. Notably, as the party invoking the Court's subject matter jurisdiction, KBR has the burden to establish Nicholson's citizenship by a preponderance of the evidence. Here, the Court will provide KBR one final opportunity to do so.[5]

---

[5] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the

KBR contends the Court must disregard Nicholson's citizenship because he is fraudulently joined, but KBR's arguments are meritless. The Eleventh Circuit recognizes three types of fraudulent joinder. "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998). "The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." Id. And the third is when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Id.

KBR argues Nicholson is fraudulently joined because "there is no possibility [Williams] can prove a cause of action against [him]." See Response ¶ 16 (quoting Ruiz v. Ringling Coll. of Art and Design, Inc., 656 F. Supp. 3d 1340, 1354 (M.D. Fla. 2023)); see also Surreply at 1–2. But to support this, KBR merely explains its view that Williams fails to state a claim for battery against Nicholson because it contends she has not alleged intent or offensive contact. See Response ¶¶ 17–18. So KBR sets forth the right legal standard—whether Williams "has no possibility of a cause of action" against Nicholson, see id. ¶ 16;

---

requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)—but then applies the much higher standard, whether Williams states a claim against Nicholson, see Response ¶¶ 17–18. These two standards are not the same. See Triggs, 154 F.3d at 1287 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."); Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332–33 (11th Cir. 2011) (explaining the difference between the fraudulent joinder standard and the standard for stating a claim under Rule 12(b)(6)).

Here, there is at least the possibility that Williams can state a battery claim against Nicholson. Indeed, Florida law recognizes a claim for civil battery, defining it as the "infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." Quilling v. Price, 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005). Moreover, Williams alleges that Nicholson "kissed her against her will" after she pushed him away from her. See Amended Complaint ¶ 11. Without a doubt

such an allegation could constitute "a harmful or offensive contact upon another with the intent to cause such contact."[6]

Next, KBR argues that the joinder of Nicholson is so improper under Rule 20(a)(2) that it constitutes fraudulent misjoinder. See Response ¶¶ 19–21; Surreply at 2–7.[7] This is so, according to KBR, because "there is no 'question of law or fact common to all defendants' that will arise in the action." See Response ¶ 20. The Court is not inclined to consider this argument because KBR has reversed its litigation position to Williams's detriment. In the Notice, KBR contended that Williams's battery claim against Nicholson was so related to her Title VII claim against KBR that it formed part of the same case or controversy, thereby falling within the Court's supplemental jurisdiction. See Notice ¶ 3. To

---

[6] KBR cites Caldwell v. Johnson & Johnson, No. 96-2722-CIV-KING, 1998 WL 192927, at *3 (S.D. Fla. Feb. 6, 1998), for the proposition that Williams fails to allege an intentional and offensive contact. See Response ¶ 18; Surreply at 1–2. In Caldwell, the plaintiff's battery claim was based on one incident in which her coworker's buttocks made contact with her hand while he kneeled to work on a machine near the plaintiff's desk. Caldwell, 1998 WL 192927, at *1, 3. The court held that this evidence was not sufficient to survive summary judgment. Id. at *3. This case is not like Caldwell because Williams's allegations that Nicholson kissed her after she pushed him away support the inference that Nicholson intended to make contact with her.

[7] Rule 20(a)(2) provides:
Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20(a)(2).

show that Williams's claim against Nicholson would be within the Court's supplemental jurisdiction, KBR would have had to establish that the "claim[] shar[ed] a 'common nucleus of operative fact' with" her Title VII claim against KBR. See Royal Canin U. S. A., 604 U.S. at 31 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). So, before Williams amended her complaint, KBR argued that all of her state law claims shared a common nucleus of operative fact with her Title VII claim. But now, KBR argues that Williams's battery claim against Nicholson shares no question of fact or law in common with her claims against KBR, even though one of those claims is the state-law equivalent of her Title VII claim (the FCRA claim in Count IV). Considering that Williams amended her complaint in an apparent effort to eliminate the supplemental jurisdiction that KBR earlier invoked, the Court will not indulge KBR's attempt to completely reverse its litigation position. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an

incompatible theory[.]" (quoting 18 C. Wright, A. Miller, & E. Cooper, Fed. Prac. and Proc. § 4477, p. 782 (1981))).[8]

### III. Conclusion

Remand of this action is not warranted under the forum defendant rule because this action was not removed solely on the basis of diversity jurisdiction. Rather, it was removed solely on the basis of federal question jurisdiction. Williams's post-removal amendment to her Complaint is not relevant to applying the forum defendant rule. However, the Court remains unable to determine whether the exercise of diversity jurisdiction would be proper because no party adequately identifies Nicholson's state of citizenship. Thus,

---

[8] Regardless, KBR's argument that Williams's claim against Nicholson shares no issue of fact or law in common with her claims against KBR fails. According to KBR, "[u]nlike Plaintiff's claims against KBR, which will require Plaintiff to produce evidence of KBR's knowledge and actions both before and after the alleged battery, her claims against Nicholson will require evidence of his intent and actions during the alleged battery." See Surreply at 6. But in her claim against KBR for negligent retention, see Amended Complaint ¶¶ 34–38, Williams seeks to hold KBR liable for Nicholson's alleged bad acts. See Watson v. City of Hialeah, 552 So. 2d 1146, 1148 (Fla. 3d DCA 1989) (negligent retention "allows for recovery against an employer for acts of an employee committed outside the scope and course of employment" (quoting Garcia v. Duffy, 492 So. 2d 435, 438 (Fla. 2d DCA 1986))). Without a wrongful act by an employee, a negligent retention claim cannot succeed; the employee's bad act is unquestionably relevant to the claim against the employer. And the same is true of Williams's claim for negligent training and supervision. See Dep't of Env't Prot. v. Hardy, 907 So. 2d 655, 661 (Fla. 5th DCA 2005) ("There must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee."); see also Amended Complaint ¶¶ 39–45. Similarly, for Williams's claim under the FCRA to succeed, see Amended Complaint ¶¶ 46–51, she must demonstrate that KBR "knew or should have known of the harassment and failed to take remedial action." See Castleberry v. Edward M. Chadbourne, Inc., 810 So. 2d 1028, 1029–30 (Fla. 1st DCA 2002).

the Court will provide KBR **one final opportunity** to provide sufficient information so that the Court can determine whether it has jurisdiction over this action.

Accordingly, it is

**ORDERED:**

1. On or before **February 12, 2026**, Defendant KBR Services, LLC, shall provide the Court with sufficient information to determine the citizenship of Defendant Ronald Nicholson.

2. The Court **defers resolution** of the Order to Show Cause (Doc. 18) pending KBR's response.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of January, 2026.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record