UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAMILA BORGES WILIAMS,

      Plaintiff,

v.                                                                          CASE NO. 3:25-cv-1113-MMH-SJH

KBR SERVICES, LLC, et al.

      Defendants.
_____/

**<u>ORDER</u>**

On February 23, 2026, the Court entered an Order, Doc. 40, in which it directed Defendant Ronald Nicholson to respond to Plaintiff's amended complaint ("Amended Complaint"), Doc. 19. Mr. Nicholson filed a *pro se* answer ("Answer"). Doc. 43. An answer is a pleading. Fed. R. Civ. P. 7(a)(2). A pleading must comply with the Federal Rules of Civil Procedure ("Rule(s)"), including Rules 5 and 10. Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[1]

Mr. Nicholson's Answer does not comply with the Rules. For example, Rule 8(b) provides:

> **(b) Defenses; Admissions and Denials.**
> **(1)** *In General.* In responding to a pleading, a party must:

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

**(A)** state in short and plain terms its defenses to each claim asserted against it; and

**(B)** admit or deny the allegations asserted against it by an opposing party.

**(2)** *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

**(3)** *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

**(4)** *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

**(5)** *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

**(6)** *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

*See* Fed. R. Civ. P. 8(b).[2] Here, however, the Answer does not admit, deny, or state lack of knowledge as to any of Plaintiff's allegations. *See* Doc. 43. Rather, the Answer states the word "Disagree" next to each of numbers 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 31, 32, and 33. *Id.* Such is insufficient.

"Disagree" is not among the responsive options—admit, deny, or state lack of knowledge—provided in Rule 8. *See TJ Creative, Inc. v. Luxurious Bliss*, No. 19-cv-4833, 2020 WL 9256371, at *1 (N.D. Ill. May 14, 2020) ("Rule 8(b) requires that a party 'admit or deny the allegations asserted against it by an opposing party' … '[A] party

---

[2] Rules 8 and 10 contain various other requirements with which a responsive pleading must also comply. *See, e.g.*, Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense …").

that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.' 'Do not agree' and 'disagree' are improper responses that do not appear in Rule 8(b). It is Defendant's obligation to answer the complaint with one of the three permissible responses set out in the rule. Disagreeing is not a denial." (citation omitted)).[3]

Moreover, an answer must admit or deny (or state lack of knowledge as to) *all* "allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). The Answer does not purport to do so. *See* Doc. 43. Counts II through IV of the Amended Complaint are solely against Defendant KBR Services, LLC. *See* Doc. 19 at ¶¶ 34–51. So Mr. Nicholson is not required to respond to those counts or allegations. *See* Fed. R. Civ. P. 8(b)(1)(B); *see also Fidelcor Bus. Credit Corp. v. Price*, No. 90-cv-6025, 1990 WL 205900, at *1 (N.D. Ill. Dec. 6, 1990). But Mr. Nicholson must respond to *all* allegations in Count I of the Complaint against him, including all predicate allegations incorporated into that count. *See* Doc. 19 at ¶¶ 1–33; *see also See TJ Creative*, 2020 WL 9256371, at *2; *Price*, 1990 WL 205900, at *1.

In short, Mr. Nicholson must file an amended response to the Amended Complaint. Before filing any responsive pleading, Mr. Nicholson should carefully review, and ensure full compliance with, Rules 8 and 10. At minimum, an amended

---

[3] A defendant "that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial" but must state that he is doing so. Fed. R. Civ. P. 8(b)(3). A defendant "that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.*; *see also TJ Creative*, 2020 WL 9256371, at *2.

answer must "clearly state whether he admits, denies, or lacks sufficient information to form a belief as to the truth of" all allegations in paragraphs 1–33 of the Amended Complaint. *See TJ Creative*, 2020 WL 9256371, at *1–2; Fed. R. Civ. P. 8(b).

The amended response must be served on every other party and include a certificate of service in compliance with Rule 5. *See* Fed. R. Civ. P. 5(d)(1)(B); Doc. 45 at 3. The amended response must also be properly signed in accordance with Rule 11. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by … a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."). In addition, the amended response must adhere to the typography requirements of Local Rule 1.08. The Local Rules are available at the Clerk's office or online at https://www.flmd.uscourts.gov/local-rules.

Accordingly, it is **ordered** that by no later than **March 30, 2026**, Mr. Nicholson must file an amended response to the Amended Complaint in compliance with the instructions herein and the Rules.

**DONE AND ORDERED** in Jacksonville, Florida, on March 16, 2026.

Samuel J. Horovitz
United States Magistrate Judge

4

Copies to:
Counsel of Record
*Pro Se* Party